UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHARLOTTE MOORE** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| vs. | ) | |
| | ) | |
| **GWINNETT COUNTY, a political** | ) | |
| subdivision of the STATE OF GEORGIA | ) | |
| **DAVID A. LEIGH, JUSTIN C. RICHEY** | ) | |
| **JENNIFER L. ROBERTS** | ) | |
| | ) | |
| **Defendants** | ) | |

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

COMES NOW Charlotte L. Moore, Plaintiff's in the above styled action and states her complaint against the Defendants as follows:

### I   JURISDICTION

1.

This is an action for alleged violation of the Plaintiff's constitutional rights pursuant to the Fourth Amendment of the Constitution of the United States, therefore, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, and over the Plaintiff's state law claims pursuant

to 28 U.S.C. §1367 (A).

2.

The Court is also authorized to grant Declaratory Judgement and Injunctive Relief pursuant to 28 U.S.C.A. §§ 2201, 2202.

## II   VENUE

3.

The Northern District of Georgia is the appropriate venue for this action because all Defendants reside within this District pursuant to 28 U.S.C.A. § 1391 (b) (1).

4.

The Northern District of Georgia is also an appropriate venue because all of the events given rise to the Plaintiff's claims have occurred within this District 28 U.S.C. § 1391 (b)(2).

## III THE   PARTIES

5.

The Plaintiff, Charlotte Moore, is a resident of Gwinnett County, Georgia.

6.

Gwinnett County is a municipal subdivision of the State of Georgia and

subject to the jurisdiction of this Court. Service may be perfected upon this Defendant through the Office of the County Commissioner, Charlotte J. Nash, 75 Langley Drive, Lawrenceville, Georgia.

7.

The Defendant, Jennifer L. Roberts was at all times referred to herein, a law enforcement officer and a member of the Gwinnett County Police Department, and acting under color of state law.

8.

The Defendant, Justin C. Richey was at all times referred to herein, a law enforcement officer and a member of the Gwinnett County Police Department, and acting under color of state law.

9.

The Defendant, David A. Leigh was at all times referred to herein, a law enforcement officer and a member of the Gwinnett County Police Department, and acting under color of state law.

IV  FACTUAL ALLEGATIONS

10.

The Plaintiff, Charlotte L. Moore resides at a home located at 2267 Hudson Drive, Lilburn, Georgia. It was her private residence, but she also

rents rooms within the home and acts as the property manager.

11.

In July, 2014, one of her tenants was Christopher Lawrence.

12.

In July, 2014, Lawrence violated the terms of the rental agreement and was causing a disturbance within the home, therefore, he was asked to vacate the premises.

13.

Lawrence threatened that he was going to place some poisonous material in the water supply in the home, and so Plaintiff barred him from the kitchen area in order to protect herself and the other tenants.

14.

On or about July 14, 2014, Lawrence called the Gwinnett County Police Department and reported that the Plaintiff was blocking his access to the kitchen area. Defendant Leigh and a second officer arrived in response to the call.

15.

Plaintiff explained to the Defendant Leigh that she had been having problems with this tenant and had asked him to leave. She also explained

that Lawrence threatened to put some poisonous material in the water supply in the home and that was why she had barred him from the kitchen area.

16.

Defendant Leigh forced the Plaintiff to allow Lawrence into the house and informed the Plaintiff that Lawrence could kick down the kitchen door if he so desired.

17.

Defendant Leigh threatened to arrest the Plaintiff if she did not allow Lawrence back into the house.

18.

The Honorable Judge Russell of the Gwinnett County Magistrate Court was contacted to issue a warrant for the Plaintiff's arrest. Judge Russell refused to do so and ruled this was a civil matter not a criminal matter.

19.

The Plaintiff had, at her expense, purchased a storage unit and removed Lawrence's property from her home as a prelude to the eviction in order to avoid conflict and possible violence.

20.

Lawrence was given a receipt showing that the Plaintiff had rented a

storage unit and that Lawrence was named on the receipt as a person having full access to the unit.

21.

Lawrence went to the storage facility and retrieved his property. He then went back to the Plaintiff's home.

22.

Lawrence then called Gwinnett police again, and complained that he was locked out of his house.

23.

Two Gwinnett police officers were dispatched in response to Lawrence's call.

24.

During this visit by the police, the Plaintiff was not present when the officers arrived, and the officers spoke to Plaintiff on the phone, cleared the call and left.

25.

He called Gwinnett Police a third time, and this time, all three Defendant's Roberts, Richey and Leigh were dispatched to the call.

26.

When the Defendant's arrived at the scene, Lawrence showed them the storage receipt and had his possessions in the car.

27.

Lawrence admitted to the police that he knew where his property was and that he had access to it.

28.

Defendant's ask the Plaintiff to come out of her house.  She stood inside her doorway to talk to the Defendants, but did not come out side her home.

30.

The Defendant's entered onto the Plaintiff's property without warrant and in what had already been ruled to be a civil matter.

31.

Defendant Leigh stood in front of the door and spoke to the Plaintiff through the door.  At all times, the Plaintiff remained inside her house.

32.

That despite the fact that Lawrence already had in his possession all of his property and full access to the storage unit, the Defendant's threatened the Plaintiff with arrest for theft by taking if Lawrence was not going to be allowed back into the house at that time.

**33.**

That Defendant Leigh first ask then ordered the Defendant to come out of her home. She refused to do so, and said that she was going to call her attorney.

**34.**

Defendants pushed open the door and forced their way into the house.

**35.**

The Plaintiff offered no resistance and simply sat down in her hallway.

**36.**

That Defendant Richey used his Taser and began shooting the Plaintiff multiple times with the Taser.

**37.**

Plaintiff was then arrested on the charge of felony obstruction of a police officer. Defendants falsely swore that she had kicked one of the Defendants.

**38.**

The Defendants then knowingly filed false police reports and false charges against the Plaintiff.

**39.**

**Plaintiff was then placed in custody and taken to the Gwinnett County Jail.**

**40.**

**Defendants took possession of Plaintiff's home, and gave Lawrence the keys and allowed him to resume living there.**

**42.**

**Defendant Leigh attempted to take out warrants for the Plaintiff's arrest. When he was again informed that this was a civil matter he continued to make false accusations and charges against the Plaintiff in order to obtain a warrant to cover their illegal actions.**

**43.**

**As a result of the false statements, Plaintiff was indicted by a Gwinnett County Grand Jury.**

**44.**

**That the case was never tried and on May 20, 2016, the Gwinnett County District Attorney dismissed the case and an order granting Nolle Prosequi was entered.**

**45.**

**During the pendency of the criminal case, a second incident occurred.**

In November, 2015 when, again, the Plaintiff had to file a dispossessory against another tenant.

46.

Again, the tenant called the Gwinnett County Police Department and police officers were dispatched.

47.

Just as in the previous incident, the November, 2015 incident was a civil matter, but the police insisted on intervening and forced the Plaintiff to allow the tenant back into her home, threatening the Plaintiff with still more criminal charges.

48.

After the July 14 incident, an internal affairs investigation was conducted.

49.

Even though all Defendants admitted in the IA investigation to entering onto the private property without a warrant, with no exigent circumstances, and using potentially deadly force on a nonviolent Plaintiff, the IA investigators whitewashed the incident and found that the actions of the Defendants were within the policy, practice and/or custom of Gwinnett

County Police.

## V.  Causes of Action

### COUNT 1

50.

The actions of the individual Defendant's constitutes a violation of the Plaintiff's right against unreasonable search and seizure, as guaranteed by the IV th amendment.

51.

A landlord/tenant dispute is purely a civil matter and the police have no jurisdiction whatsoever.

52.

Defendants knew their actions were improper and/or illegal.

53.

That Defendants tried to cover their actions by claiming the right to enter the premises based on domestic violence even though there was no violence involved.

54.

The arrest was a false arrest and constitutes a unconstitutional seizure.

55.

As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered damages.

56.

The actions of the Defendants were wilful, wanton and done with a conscious disregard for the consequences.

57.

The actions of the Defendants are such as to entitle the Plaintiff to punitive damages.

58.

The law was well established in this matter at the time of the incident, so Defendants are not entitled to qualified immunity.

COUNT II

59.

The Defendant's entry into Plaintiff's home without warrant violates her constitutional rights guaranteed under the IV th Amendment.

60.

There were no exigent circumstances that would justify a warrant less entry.

61.

**That as a direct and proximate result of the actions of the Defendants, the Plaintiff has suffered damages.**

**62.**

**The actions of the Defendants were wilful, wanton and done with a conscious disregard for the consequences.**

**63.**

**The actions of the Defendants are such as to entitle the Plaintiff to punitive damages.**

**64.**

**The law was well established in this matter at the time of the incident, so Defendants are not entitled to qualified immunity.**

**COUNT III**

**65.**

**The Defendant's arrest of the Plaintiff on charges they knew were false, constitutes a violation of her Constitutional Right to Due Process of Law.**

**66.**

**Defendant Leigh further violated Plaintiff's right to due process and equal protection by taking the physical evidence, including the receipt and notice from the storage unit, and carrying the evidence in his car rather than**

preserving it and turning it into the police evidence room.

**67.**

That as a direct and proximate result of Defendants actions the Plaintiff, Plaintiff has suffered damages.

**68.**

The actions of the Defendants were wilful, wanton and done with a conscious disregard for the consequences.

**69.**

The actions of the Defendants are such as to entitle the Plaintiff to punitive damages.

**70.**

The law was well established in this matter at the time of the incident, so Defendants are not entitled to qualified immunity.

**COUNT IV**

**71.**

That at no time did the Plaintiff offer any resistance to the unlawful entry by the Defendants.

**72.**

That the Defendant's use of a teaser and shooting the Defendant with

the teaser multiple times constitutes excessive force.

73.

Since the Plaintiff had committed no crime, and made no threat of violence, no force was justified.

74.

Even if the Plaintiff had resisted, the only resistance, according to the Defendants, was to try to call her attorney and to remain inside her own home.

75.

Under the Defendants' own version of the incident, no force was necessary or authorized.

76.

A Taser, when improperly used, constitutes deadly force.

77.

The use of deadly force or the multiple shooting with a Taser constitutes excessive force.

78.

The use of excessive force violated the Plaintiff's constitutional rights.

79.

**That as a direct and proximate results of the actions of the Defendants, the Plaintiff has suffered damages.**

**80.**

**The actions of the Defendants were wilful, wanton and done with a conscious disregard for the consequences.**

**81.**

**The actions of the Defendants are such as to entitle the Plaintiff to punitive damages.**

**82.**

**The law was well established in this matter at the time of the incident, so Defendants are not entitled to qualified immunity.**

**COUNT V**

**83.**

**Gwinnett County has a duty to establish and operate in accordance with the rights guaranteed to citizens under the Constitution of the United States.**

**84.**

**Gwinnett County has a duty to train its police officers and establish policies that protect the rights guaranteed to citizens under the Constitution**

of the United States.

85.

Gwinnett County has failed to train its law enforcement officers to know the difference between civil and criminal conduct.

86.

Gwinnett County has failed to establish policies that prevent its police officers from interfering in civil disputes between landlords and tenants.

87.

Gwinnett County has established custom or policy that condones its police's interference between landlord and tennant.

88.

Gwinnett County has a policy that allows its police to use deadly force, via Taser, even though no resistance was encountered by the office.

89.

As a direct and proximate result of the customs, policies and lack of training by Gwinnett County, Plaintiff has suffered a deprivation of her Constitutional Rights.

90.

As a direct and proximate result of the customs, policies and lack of

training by Gwinnett County, Plaintiff has suffered damages.

**WHEREFORE, Plaintiff prays**

    A.    That she be awarded judgement against the Defendants individually and/or jointly.

    B.    That she be awarded compensatory damages in the amount of one million dollars.

    C.    That she be awarded punitive damages in the amount of one million dollars against the individual Defendants.

    D.    That she be awarded reasonable attorney's fees and costs of this action pursuant to 42 USC § 1988.

    E.    That she be awarded such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/Clifford H. Hardwick
Clifford H. Hardwick
Attorney for the Plaintiff
Georgia Bar No. 325675

Roswell Professional Park
Suite E-1
11205 Alpharetta Highway,
Roswell, GA 30076
Tel: (770) 772-4700

**Fax: (770) 772-4488**

**CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C**

**I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1C**

**/s/Clifford H. Hardwick**

| | |
|---|---|
| **CHARLOTTE MOORE**            ) | |
|                                ) | |
|    **Plaintiff**               ) | **CIVIL ACTION FILE NO.** |
|                                ) | |
| vs.                            ) | |
|                                ) | |
| **GWINNETT COUNTY, a political**  ) | |
| **subdivision of the STATE OF GEORGIA**) | |
| **DAVID A. LEIGH, JUSTIN C. RICHEY** ) | |
| **JENNIFER L. ROBERTS**        ) | |
|                                ) | |
|    **Defendants**              ) | |

## JURY DEMAND

COMES NOW Charlotte Moore, Plaintiff in the above styled action and files this her demand for Trial by Jury.

                                         **Respectfully submitted,**

                                         **/s/Clifford H. Hardwick**
                                         **Clifford H. Hardwick**
                                         **Attorney for the Plaintiff**
                                         **Georgia Bar No. 325675**

**Roswell Professional Park**
**Suite E-1**
**11205 Alpharetta Highway,**
**Roswell, GA 30076**
**Tel: (770) 772-4700**
**Fax: (770) 772-4488**